## No. 4460.

### M. A. SOUTHWORTH *v.* CITY OF NEW ORLEANS.

Where, instead of procuring and recording *according to law*, certified copies of judgments as directed by city ordinance No. 1630, administration series, the plaintiff followed the provisions in section 12 of act No. 73 of 1872, by which a special mode was provided for recording the taxes due to the city without any cost to the city;

Held—That if the provisions of this act are resorted to in preparing and inscribing the tax judgments to preserve the lien and mortgage in favor of the city, its provisions in regard to compensation must be enforced. It is only by the terms of this law that the lists or registers prepared by the plaintiff can have effect as a legal inscription. But this inscription was to be made without cost to the city. Outside of this law the said registers or inscriptions of judgments, as made by plaintiff, are without effect. The inscriptions are not made in the books of privileges and mortgages required by the general law on the subject.

APPEAL from the Seventh District Court, parish of Orleans. *Collens, J. Hornor & Benedict,* for plaintiff and appellee. *George S. Lacey, City Attorney,* and *A. C. Lewis,* for appellant.

HOWELL, J. The plaintiff, as recorder of mortgages, claims $10,361 for recording 14,802 judgments, by virtue of a special agreement made in pursuance of ordinance No. 1630, Administration Series. The city denies the alleged contract; avers that the said ordinance was passed in violation of a prohibitory law (sections 11 and 12 of Act No. 73 of 1872), and is null; that by section 12 of said act the recorder is pro- hibited from charging or collecting any fee for recording the city tax judgments, he being entitled to charge only for cancelling the same, and that if the ordinance is valid, the judgments in question have not been recorded according to law as is required in said ordinance, and plaintiff has not complied with his agreement. From a judgment in favor of the plaintiff for $10,000 the city has appealed.

Ordinance No. 1630 is in these words: "That the recorder of mortgages of the parish of Orleans is hereby authorized and directed to obtain, at his own expense, from the clerks of the district courts, certified copies of all unrecorded and unprescribed tax judgments in favor of the city of New Orleans against real estate, and similar judg- ments of the amount of ten dollars and upwards against personal prop- erty, and to record the same in the mortgage office according to law; provided that the whole costs of said certificates or copies of judg- ments and the recording thereof shall not exceed seventy-five cents

for each judgment; provided the amount contracted for and appropriated hereby shall not exceed $10,000."          :

Instead of procuring and recording, according to law, certified copies of judgments, as directed in the foregoing ordinance, the plaintiff pursued the mode and followed the provisions in section 12 of act No. 73 above referred to. By said section a special mode was provided for recording the taxes due the city, but the work was to be performed by the city officials and employes without any cost to the city. Registers with necessary particulars and dates and indexes were to be prepared and bound in volumes, and one of them deposited in the recorder's office and thus become a legal record or book for the inscription of the lien and mortgage in favor of the city in said office; "and no fee shall be allowed to the recorder of mortgages for such inscription; but he. shall be allowed one dollar each for canceling the same, which he may do upon the certificate of the Administrator of Public Accounts of the payment or settlement thereof."

If the provisions of this law are resorted to in preparing and inscribing the tax judgments to preserve the lien and mortgage in favor of the city, its provisions in regard to compensation must be enforced. It is only by the terms of this law that the lists or registers prepared by the plaintiff can have effect as a legal inscription. But this inscription was to be made without cost to the city. Outside of this law the said registers or inscription of judgments, as made by the plaintiff, is without effect. The inscriptions are not made in the books of privileges and mortgages required by the general law on the subject

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of defendant, with costs in both courts.

Rehearing refused.